REQUESTED BY: Senator Rex Haberman, Chairperson Nebraska Retirement Systems Committee
QUESTION ONE: Would the proposed amendments which provide for increases to retirement annuity benefits based on federal guidelines constitute an unconstitutional delegation of legislative authority? QUESTION TWO: Whether the minimum benefit for retired employees and their families would violate Article III, Section 19 of the Nebraska Constitution "since it is not directly tied to changes in the wage levels or the cost of living"?
CONCLUSION: Yes. The language of the proposed amendments to LB 655 does not incorporate by reference an existing federal law or regulation with sufficient description. CONCLUSION: Yes. There is no provision in Legislative Bill 655 or the proposed amendments that the increases are adjustments due to changes in the cost of living and wage levels that have occurred subsequent to retirement.
The first question relates to the provisions of Section 2 of the proposed amendments to Legislative Bill 655. Section 2 provides that retirement annuity benefits "shall be adjusted to an amount not less than the amount of the federal Office of Management and Budget poverty guideline applicable to this state and the size of the recipient's family unit."
Generally, the courts have determined that adoption by reference of laws and regulations of another jurisdiction are unconstitutional delegations of legislative power when the power delegated is overly broad or because of the nature of the power delegated. Particular instances where delegations of legislative power have been found to be unconstitutional include: 1) proposals where the laws or regulations are not final or in existence at the time of adoption; and 2) when the laws or regulations to be adopted are in conflict with existing state laws.
While there are limits to the delegation of legislative power, the Nebraska Legislature may lawfully adopt an existing law or regulation of another jurisdiction. In Anderson v. Tiemann, 182 Neb. 393, 155 N.W.2d 322 (1967), the Nebraska Supreme Court considered whether statutes which base a state income tax law upon laws of the United States was an unconstitutional delegation of legislative power. The Court held that incorporation by reference of tax laws was a permissible delegation of legislative power.
In Lincoln Dairy Co. v. Finigan, 170 Neb. 777, 784;104 N.W.2d 227, 232 (1960), our Supreme Court stated: "We do not hold that the Legislature may not adopt a law or regulation of another jurisdiction by reference. It may even adopt such insofar as it is not in conflict with existing laws of this state." In this case, the Court held that the statutes which delegated discretion to adopt federal regulations to an administrative officer was an unconstitutional delegation of legislative power.
In applying these principles to the proposed amendment(s), it appears that the objective to be attained would be a permissible delegation of legislative power. However, the proposed amendment may be subject to constitutional challenge because the law or regulation, as stated, may not be final or is subject to change by the federal government. The proposed language does not reference an existing federal law or regulation with sufficient specificity so that it is known that the law or regulation adopted is in existence or is subject to future regulation or revision.
The general language of the proposed amendment would adopt a federal guideline which is open to future revision by the federal government. This is a technical deficiency which may be cured by reference to a specific federal code enactment or regulation which is currently in existence and provides for the guideline which the Legislature is desirous of adopting. Referencing the specific federal code enactment or regulation presently in existence would narrow the power delegated and serve to remove constitutional objection to incorporation by reference of the federal guideline.
Senator Rex Haberman
Your second question is whether the proposed amendment would be violative of the constitutional prohibition which forbids the granting of additional compensation to public officers or employees after services have been rendered. Article III, Section 19 of the Nebraska Constitution, in part, states:
 "The Legislature shall never grant any extra compensation to any public officer, agent, or servant after the services have been rendered nor to any contractor after the contract has been entered into, except that retirement benefits of retired public officers and employees may be adjusted to reflect changes in the cost of living and wage levels that have occurred subsequent to the date of retirement. . . ." (Emphasis added).
The express exception to the constitutional prohibition permits adjustments only to reflect changes in the cost of living and wage levels which have occurred subsequent to retirement.
Review of the proposed amendment reflects that there is no express provision that increases are adjustments due to changes in the cost of living and wage levels that have occurred subsequent to retirement. Accordingly, it is our opinion that the proposed amendment providing for increases to retirement benefits would be violative of the Nebraska Constitution.
Sincerely,
ROBERT M. SPIRE Attorney General
Fredrick F. Neid Assistant Attorney General